ANTWAN SLATER,

        Plaintiff,

v.                                                    Case No. 08-C-1037

KATHY LEMENS, RICHARD HEIDORN, M.D.,
JEANANNE GREENWOOD, MICHAEL BAENE,
WILLIAM POLLARD, HOLLY PUHL,
MICHELLE CUMMINS, WARDEN LARRY JENKINS,
MATTHEW FRANK, RICK RAEMISCH,
JANE DOE, and JOHN DOE,

        Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $3.20.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his

-2-

Case 2:08-cv-01037-JPS   Filed 03/31/09   Page 2 of 10   Document 8

statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at Green Bay Correctional Institution (GBCI) and Redgranite Correctional Institution (RGCI) at all times relevant. The following defendants are employed at GBCI: Nurse Kathy Lemens; Dr. Richard Heidorn; Health Services Unit (HSU) Manager Jeananne Greenwood; Deputy Warden Michael Baene; Warden William Pollard; and Nurse Jane Doe. Defendants employed at RGCI are: HSU Manager Holly Puhl; Inmate Complaint Examiner

Michelle Cummins; Warden Larry Jenkins; and Nurse John Doe. The plaintiff is also suing the former Secretary of the Wisconsin Department of Correction (DOC) Matthew Frank and current DOC Secretary Rick Raemisch.

**CLAIM 1**

The plaintiff alleges that on April 2, 2007, while incarcerated at GBCI, he put in a health services request for a problem he was having with his nose. On April 9, 2007, Nurse Lemens saw the plaintiff, however, she "blew him off, talking about, if I stayed out of prison, I won't have to worry about seeing Health Services Unit." (Compl. at 2.) The plaintiff told Nurse Lemens that he came to HSU to get his medical needs treated, not argue with her, and then she got upset and made him leave the HSU without assessing his nose condition. When the plaintiff got back to his housing unit, he wrote an inmate complaint against Nurse Lemens for making him leave the HSU without assessing his nose condition. He also informed the Inmate Complaint Examiner that he did not want to be seen by Nurse Lemens again. After waiting approximately three months for HSU to treat his nose condition, the plaintiff submitted another health services request. He was seen again by Nurse Lemens who assessed some of the plaintiff's unrelated medical needs but not his nose condition.

The plaintiff alleges that Dr. Heidorn saw him at least six times between April 24, 2007, and August 28, 2007, for medical needs unrelated to his nose condition. Each time, he brought up his nose problem but Dr. Heidorn always said that he did not call the plaintiff over for that. On August 29, 2007, Dr. Heidorn finally assessed

-4-

the plaintiff's nose condition and diagnosed him with an allergic reaction and swollen nasal passages. Beginning on September 6, 2007, the plaintiff was given about four different kinds of nasal sprays and about three different kinds of allergy pills but his nasal passages are still swollen and his sense of smell is very weak to the point that he almost cannot smell anything. Leaving his nose condition unattended for about six months put the plaintiff at risk of a life-threatening infection of the eyes, brain, or death, or could have provoked asthma or bronchitis.

On March 12, 2008, the plaintiff was transferred to RGCI. He wrote the HSU about his condition but it took them months to see him. He is experiencing severe congestion, headaches, fever, chronic pain in the face, teeth, a thick yellowish-green nasal discharge, and breathing problems. He wrote to HSU at GBCI and RGCI requesting to see an allergist or otolaryngologist because his condition is not improving but his request was denied.

**CLAIM 2**

Claim 2 is nearly identical to Claim 1 except the medical condition is cuts, sores, and blisters on the back of the plaintiff's hands, wrists, and forearms. Specifically, the plaintiff alleges that he put in an HSU request on April 2, 2007 for those symptoms and on April 9, 2007, Nurse Lemens saw him in the HSU. Instead of assessing his symptoms, examining, and treating the plaintiff, Nurse Lemens made the plaintiff leave the HSU. The plaintiff filed an inmate complaint stating that he did not want to be seen by Nurse Lemens. He waited about three months for HSU to treat his condition and then submitted another health service request. He

was then seen again by Nurse Lemens who was more focused on his co-payment than on treating him. Nurse Lemens treated the plaintiff for some unrelated medical needs but did not assess his injuries.

The plaintiff was seen by Dr. Heidorn about four times between April 24, 2007, and July 9, 2007, for unrelated medical needs. Each time, the plaintiff tried to show Dr. Heidorn the injuries on the back of his hands, wrists, and forearms, but the doctor told him that he was not called over for that reason. In July 2007, the plaintiff's injuries were finally examined and he was given Hydrocerin and Hydropher ointment to rub on the cuts, sores, and blisters on the back of his hands, wrists, and forearms. The plaintiff experienced "chronic pain, suffering, emotional stress, and has permanent scars, and very dark spots, on the back of his hands and wrists." He complained to the HSU at GBCI about his injuries but HSU failed to give him any type of treatment in a reasonable time and never gave him anything to relieve the pain.

The plaintiff claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. He seeks declaratory and injunctive relief, and compensatory and punitive damages.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see*

*also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the

-7-

risk and consciously disregarded it nonetheless." *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Farmer*, 511 U.S. at 840-42).

It is doubtful that the plaintiff's medical conditions constitute serious medical needs. Several medical professionals at two different institutions did not deem them serious enough to treat immediately. They were aware of the plaintiff's nose and skin problems but they treated other medical needs first. Dr. Heidorn did eventually address the plaintiff's medical concerns. With regard to his nose problem, it was determined that the plaintiff had allergies and he was prescribed several medications to treat the allergies. Concerning his arms and hands, the plaintiff was provided ointment. The plaintiff alleges that at his April 9, 2007 appointment with Nurse Lemens, she got frustrated with him and made him leave without treating his nose and skin conditions. However, the plaintiff was also seen by Dr. Heidorn in April 2007, so Nurse Lemens' actions did not leave the plaintiff without medical care. Indeed, Dr. Heidorn saw the plaintiff six times between April 24, 2007, and August 28, 2007.

It is apparent from the plaintiff's complaint that he would have preferred a different course of treatment from different providers. However, disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956

-8-

F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

### ORDER

**IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $346.80 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly;

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge