UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTWAN SLATER,

        Plaintiff,

v.                                                         Case No. 08-C-1037

KATHY LEMENS, RICHARD HEIDORN, MD,
JEANANNE GREENWOOD, MICHAEL BAENE,
WILLIAM POLLARD, HOLLY PUHL,
MICHELLE CUMMINS, WARDEN LARRY JENKINS,
MATTHEW J. FRANK, RICK RAEMISCH,
JANE DOE, and JOHN DOE,

        Defendants.

# ORDER

The *pro se* plaintiff, a state prisoner at all relevant times, brought a civil action in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. On March 31, 2009, the plaintiff was granted leave to proceed *in forma pauperis*. However, by the same order, this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. On the same day, judgment was entered dismissing the action. The plaintiff filed a motion for reconsideration of the dismissal of his complaint, which the court construed as a motion to alter judgment under Federal Rule of Civil Procedure 59(e) and denied. The plaintiff appealed, and currently before the court is the plaintiff's request to proceed *in forma pauperis* on appeal.

Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition.

In support of his petition for leave to proceed *in forma pauperis* on appeal, the plaintiff inexplicably contends that he did not have three "strikes" and that the court, therefore, should have allowed him to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g). He further argues that, in any event, he should have been allowed to proceed *in forma pauperis* because he is under imminent danger of serious physical injury and thus falls under the exception to the three-strikes rule. *Id.* However, as

-2-

indicated, the plaintiff was not denied *in forma pauperis* status at the district court level. Rather, the court reviewed the complaint allegations and dismissed the complaint for failure to state a claim. In addition, it appears that he only had one "strike" at the time he filed the complaint and that, with the dismissal of his complaint in this case for failure to state a claim, he now has accumulated two strikes.

In *Lee*, the Seventh Circuit Court of Appeals held that "good faith" for purposes of § 1915 is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." 209 F.3d at 1026. After reviewing the plaintiff's claims, in light of *Lee*, this court concludes that the plaintiff's appeal should be certified as not having been taken in good faith because no reasonable person could conclude that the claims advanced by the plaintiff have any merit. Thus, the plaintiff's request to proceed *in forma pauperis* on appeal is denied.

However, the plaintiff incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of $455.00 is due within 14 days of this order. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Docket #20) be and the same is hereby **DENIED** because this court certifies that such appeal has been taken in **BAD FAITH**.

**IT IS FURTHER ORDERED** that by **March 25, 2010**, the plaintiff shall forward to the Clerk of Court the sum of $455.00 as the full filing fee in this appeal. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge